# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DEWANDA YATES,**
*Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.                                                                          No._____

**FLAGSHIP SECURITY COMPANY,**            **FLSA Collective Action**
**LLC**, *a Tennessee Limited Liability*            **JURY DEMANDED**
*Company* and **JOSEPH E. GURLEY, SR.**,
*individually*,

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Dewanda Yates ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

### I.   INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Flagship Security Company, LLC and Joseph E. Gurley, Sr. ("Defendants") on behalf of Plaintiff, individually, and on behalf of herself and other similarly situated hourly-paid, non-exempt security guards as a class, who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for

1

unpaid overtime compensation for those who have worked for Defendants as hourly-paid, non-exempt security guards at any time within the three (3) years preceding the filing of this lawsuit. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

## II.     JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' principal offices are located in this district and they have conducted business within this District during all relevant periods to this action.

## III.     PARTIES

4. Defendant Flagship Security Company, LLC is a Tennessee Corporation with its principal address at 6466 Croft Oaks Cove, Bartlett, Tennessee 38134-3873. According to the Tennessee Secretary of State, Defendant Flagship Security Company, LLC may be served via its registered agent: Joseph E. Gurley at its principal place of business listed above.

5. Joseph E. Gurley, Sr. is the principal owner and operator of Flagship Security Company, LLC and has been responsible for the implementation and administration of the pay practices and exercised operational control of Flagship Security Company, LLC during all times material to this lawsuit.

6. Plaintiff was employed by Defendants as an hourly-paid, non-exempt security

guard during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Yates' Consent to Join this collective action is attached hereto as *Exhibit A*.

### IV.     FACTUAL BASIS FOR SUIT

7. Defendant Flagship Security Company, LLC is located in Bartlett, Shelby County, Tennessee and provides protection of assets, security, and safety services for its customers in Tennessee and Mississippi.

8. Plaintiff Dewanda Yates and similarly situated security guards were employed as hourly-paid, non-exempt security guards by Defendants during the three (3) year period preceding the filing of this action.

9. Plaintiff and those similarly situated typically worked forty (40) or more hours per week for Defendants during all times material to this action.

10. Plaintiff and those similarly situated would only be paid their straight time hourly rate of pay for all hours worked over forty (40) per week.

11. Defendants have been the "employers" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

12. At all times material to this action, Plaintiff and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

13. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1)

of the FLSA.

14. Plaintiff and similarly situated hourly-paid, non-exempt security guards also have engaged in commerce during the applicable statutory period.

15. Defendant Gurley has been a principal owner and operator of Flagship Security Company, LLC and responsible for the implementation and administration of its pay practices, including the decision not to pay Plaintiff and similarly situated security guards one-and one-half their regular hourly rates of pay for all hours over forty (40) within weekly pay periods during all times material to this action.

16. Defendant Gurley in his capacity as owner and operator of Flagship Security Company, LLC has engaged in commerce during the applicable statutory period.

17. Defendants' business operations have crossed state lines within weekly pay periods during all times material to this Complaint.

18. Defendants have had a centralized time keeping system in which Plaintiff and those similarly situated were required to "phone-in" and "phone-out" for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Collective Action.

19. Plaintiff and similarly situated hourly-paid, non-exempt security guards have been subject to Defendants' aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

20. Defendants have had a common policy, plan, and practice of only paying straight time for all hours worked over forty (40) per week and failing to pay Plaintiff and similarly situated security guards one-and one-half times their regular hourly

rates of pay for all overtime hours within weekly pay periods during all times material to this collective action

21. Plaintiff and similarly situated security guards have not received one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this collective action.

22. Plaintiff and other similarly situated security guards complained to Defendants that they were not receiving one and one-half their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this lawsuit.

23. Defendants were aware Plaintiff and similarly situated security guards were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three-year period preceding the filing of this action as it was Defendants policy to only pay their hourly-paid, non-exempt security guards their straight time rate of pay for all hours worked over forty (40) per week.

24. The aforementioned unpaid overtime claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

25. Defendants willfully failed to compensate Plaintiff and similarly situated security guards at their regular hourly rates of pay for all hour worked over forty (40) within weekly pay periods during all times material to this Complaint.

26. Defendants knew and were aware they were not compensating Plaintiff and those

similarly situated at their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this Complaint, without a good faith basis for their failure.

27. Defendants' common policies and practices of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

28. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

29. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and similarly situated security guards one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action is they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

### V.   FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

31. The proposed collective class of similarly situated persons is defined as:

    All current and former hourly-paid, non-exempt security guards employed by Defendants who were not paid one and-one half times their regular hourly rates of pay for all hour worked in excess of forty (40) hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members"). [1]

32. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid, non-exempt security guards as a class.

33. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

34. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' pay and compensation policies and practices.

35. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

ability of class members to protect their interests.

36. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

37. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

38. Defendants knew Plaintiff and class members performed worked in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, they operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

39. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

40. Defendants did not have a good faith basis for their failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

41. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

42. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid

overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

43. Plaintiff estimates there are more than fifty (50) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' headquarters.

44. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

45. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

46. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

48. At all relevant times, Defendants employed Plaintiff and each of the class members consistent with the terms of the FLSA

49. At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

50. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

51. As a result of Defendants' common policy and practice of working Plaintiff and class members over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, they violated the FLSA.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

53. Through its actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the Act.

54. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

55. Defendants' actions were not in good faith.

56. The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendants' FLSA violations.

57. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

58. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

b) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and members of the collective class liquidated damages in accordance

with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 5, 2020　　　　　　　　Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathan A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY*
*SITUATED*